UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH CHAN, | CASE NO. 22-CV-01796-LK |
| Plaintiff, | ORDER DENYING MOTION TO APPOINT COUNSEL AND MOTION FOR RECONSIDERATION |
| v. | |
| MICHAEL RYAN, et al., | |
| Defendants. | |

This matter comes before the Court on pro se Plaintiff Joseph Chan's motion to appoint counsel. Dkt. No. 9. Mr. Chan also renews his request for service by U.S. Marshal, which the Court construes as a motion for reconsideration of its January 3, 2023 Order. Dkt. No. 10 at 2; *see* Dkt. No. 8 (order). Both motions are denied.

## I.       BACKGROUND

Mr. Chan is suing St. James Cathedral, Pastor Michael Ryan, Pastoral Assistant Larry Brouse, the Seattle Police Department, and Seattle Police Officers Burns and Bradrick for violations of his human rights and First Amendment right to freedom of religion. *See* Dkt. No. 1 at 1–4, 6. Although his complaint is difficult to follow, this suit appears to stem from a fracas that

unfolded during Christmas Mass at the cathedral in 2019. Dkt. No. 1 at 4, 7; Dkt. No. 6 at 1–2; Dkt. No. 7 at 1–2. Mr. Chan alleges that the defendants "violently assaulted [him], tried to racially bully/intimidate [him], all under the 'premise' that they were looking for someone that looks like [him.]" Dkt. No. 1 at 4. He claims that Brouse "rapaciously stalked" him and colluded with Officers Burns and Bradrick, who "violently grabbed/dragged shoved [him] against [the] wall of [his] own church during [his] Christmas Mass[.]" *Id.* at 7; *see also* Dkt. No. 7 at 1 (describing incident). Pastor Ryan allegedly authorized these actions and, as the scrum unfolded, repeatedly told Mr. Chan that he looked like someone they were after. Dkt. No. 1 at 7. Mr. Chan further alleges that he now has severe PTSD, psychological distress, and "horrific nightmares," and that "Christmas, Christmas Mass, Mass, [and] church will never be the same[.]" *Id.* at 8 ("Every time I even think of Christmas, or church in general, or pass by [St. James Cathedral], I relive it all over again!"). He wants the defendants fired, "formal apologies," and "compensatory/punitive damages in the amount of $100,000,000[.]" *Id.*

## II.    DISCUSSION

The Court begins by addressing Mr. Chan's motion to appoint counsel. It then takes up his motion for reconsideration. Finally, the Court reminds Mr. Chan of his obligations as a pro se litigant.

### A.    Motion to Appoint Counsel

Mr. Chan has contacted "more than 30 attorneys, law firms, [and] people in law schools" to no avail. Dkt. No. 9 at 2. He claims that he needs counsel because he is overwhelmed and does not "know how to do any of this all by himself[.]" *Id.* Mr. Chan also avers that he "do[es] not have any money" because he spent it all on the filing fee. Dkt. No. 10 at 1. Although the Court sympathizes with his predicament, Mr. Chan has not shown that he is entitled to court-appointed counsel.

1      1.      Section 1915(e)(1) Does Not Apply to Mr. Chan

2      "Unlike in criminal cases that implicate the Sixth Amendment right to counsel, civil

3  litigants who cannot afford counsel are not constitutionally guaranteed the appointment of a

4  lawyer." *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1039 (9th Cir. 2021). This is

5  true even for Section 1983 actions. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). And

6  while 28 U.S.C. § 1915(e)(1) vests the Court with discretion to "request" appointment of counsel

7  for litigants proceeding *in forma pauperis* in "exceptional circumstances," *Agyeman v. Corr. Corp.*

8  *of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), that statute is inapplicable here because Mr. Chan

9  paid the filing fee. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("The federal *in forma*

10  *pauperis* statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure

11  that *indigent* litigants have meaningful access to the federal courts." (emphasis added)); *Hanks v.*

12  *City of Shoreline*, No. 21-CV-00600, 2022 WL 168518, at *1 (W.D. Wash. Jan. 18, 2022) (Section

13  1915(e)(1) does not apply to pro se plaintiffs who pay the filing fee).

14      2.      Mr. Chan Has Not Shown "Exceptional Circumstances"

15      Even so, Mr. Chan fails to establish the "exceptional circumstances" that would warrant

16  appointment of counsel under Section 1915(e)(1). The exceptional-circumstances inquiry requires

17  the Court to consider "the likelihood of success on the merits as well as the ability of the petitioner

18  to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v.*

19  *Look*, 718 F.2d 952, 954 (9th Cir. 1986). Neither consideration is dispositive, and the Court must

20  view them together. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

21      Neither consideration weighs in Mr. Chan's favor. First, the Court cannot weigh the merits

22  of his claims on the undeveloped, limited record before it. *See, e.g.*, *Sam v. Renton Sch. Dist.*, No.

23  C21-1363-RSM, 2021 WL 4952187, at *1 (W.D. Wash. Oct. 25, 2021) ("The Court cannot

24  conclude on this thin record whether these claims have a strong likelihood of success on the

merits."). And Mr. Chan has not otherwise provided any compelling arguments or evidence that this case is likely to succeed on the merits. *See Ralls v. Facebook*, No. C16-0007-JLR, 2016 WL 10591399, at *2 (W.D. Wash. Apr. 25, 2016). Second, this case does not appear to present the type of legally or factually complex issues that would preclude Mr. Chan from adequately articulating his claims pro se. "[A] litigant must meet a high bar to show that the legal issues involved are sufficiently complex, and that he is therefore impeded in his ability to present his case." *Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020). Mr. Chan alleges a First Amendment freedom of religion claim and appears to hint at a common law assault and battery claim—perhaps even a Fourth Amendment excessive force claim. Nothing about those legal theories or the facts alleged is "exceptionally complex." *Munywe v. Dier*, No. 3:21-CV-05431-BJR-JRC, 2022 WL 4466156, at *1 (W.D. Wash. Sept. 26, 2022); *see, e.g.*, *Agyeman*, 390 F.3d at 1103–04 (pro se prisoner's meritorious case had "triple complexity" that required skillful framing and advanced legal knowledge of *Bivens* actions, the Federal Tort Claims Act, and the Federal Bureau of Prisons' regulations).

Mr. Chan's arguments to the contrary are unavailing. His financial circumstances following payment of the filing fee do not justify the appointment of counsel. *See Arenas v. Inslee*, No. 19-CV-5339-RJB, 2019 WL 3387333, at *3 (W.D. Wash. July 26, 2019). Nor does his unsuccessful struggle to retain private counsel. *See id.* ("Plaintiff's difficulty obtaining counsel does not amount to a showing of exceptional circumstances warranting court-appointed counsel."). And finally, that he might more articulately set forth the facts underlying his claim with the assistance of counsel is not the test. *Steiner v. Hammond*, No. C13-5120-RBL, 2013 WL 3777068, at *2 (W.D. Wash. July 16, 2013). The issues Mr. Chan cites are, at base, common to pro se litigants. *Munywe*, 2022 WL 4466156, at *1. The Court therefore cannot find the exceptional circumstances necessary to justify appointment of counsel.

The Court also notes that even if Section 1915(e)(1) were applicable to this case, "the statute does not actually authorize the court to force a lawyer to take a case." *Sifuentes v. Nautilus, Inc.*, No. C21-5613-JLR, 2022 WL 1014963, at *1 (W.D. Wash. Apr. 5, 2022) ("Nor does the court have staff attorneys standing by to represent *pro se* litigants."). Under the statute, "the court may only 'request' that an attorney represent an indigent litigant." *Id.* (quoting 28 U.S.C. § 1915(e)(1)); *see also Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307 (1989) (Section 1915(e) does not authorize compulsory appointments); *Dragasits v. Rucker*, No. 18-CV-0512-WQH-AGS, 2021 WL 4710854, at *2 (S.D. Cal. Oct. 8, 2021) ("[T]he statutory authority to recruit civil counsel" does not allow the Court to "force attorneys to represent an indigent civil litigant.").

**B.      Motion for Reconsideration of Order Denying Service of Summons**

Mr. Chan next renews his request for service of summons pursuant to Federal Rule of Civil Procedure 4(c)(3). Dkt. No. 10 at 2. The Court denied his original motion because he failed to explain why he needed assistance or why he could not serve the defendants himself. Dkt. No. 8 at 1–2 (citing *Carter v. Thrasher*, No. C22-0050-BHS, 2022 WL 782424, at *1 (W.D. Wash. Mar. 15, 2022)). Mr. Chan now contends that he requires the Court's assistance because he "spent all [his] money on the court filing fee" and it is "very, very expensive to serve the summons[es.]" Dkt. No. 10 at 2.

The Court construes this request as a motion for reconsideration. Such motions are disfavored and will ordinarily be denied absent a showing of manifest error in the prior ruling or a showing of new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence. LCR 7(h); *see also Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

The Court denies the motion. As previously explained, Federal Rule of Civil Procedure 4(c)(3) mandates service by a United States marshal only when a plaintiff is authorized to proceed

*in forma pauperis* under 18 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916. Where, as here, a plaintiff has paid the filing fee, the rule vests the Court with discretion to order service. This discretion is exercised only in limited circumstances, such as "when a law enforcement presence appears necessary or advisable to keep the peace" or "when a hostile defendant threatens injury to the process server." *Hollywood v. Carrows Cal. Fam. Rests.*, No. CV18-2098-JGB(GJS), 2018 WL 7461690, at *1 (C.D. Cal. Apr. 26, 2018) (cleaned up); *accord Hoffart v. Wash. Mut. Bank, Nat'l Ass'n*, No. CV12-10465-E, 2013 WL 2445019, at *1 (C.D. Cal. May 13, 2013).

A plaintiff's Rule 4(c)(3) application should accordingly "set forth whatever steps to serve process already have been taken" and "must provide a factual basis for why a court order is necessary to accomplish service." *Hollywood*, 2018 WL 7461690, at *1; *see also Frerks v. Wolf*, No. C19-978-RSM, 2020 WL 1467339, at *1 (W.D. Wash. Mar. 26, 2020) ("Mindful that Rule 4 was amended primarily to relieve the marshals from having to effect service in private actions, courts often require a showing that a non-IFP plaintiff attempted some form of proper service."). Mr. Chan has made no such showing. Rather than identify any attempts at service, he claims that he cannot afford it under any circumstances. This is insufficient to warrant court-ordered service. Mr. Chan also overlooks the fact that, "even if such service was to be ordered, [he] would still be responsible for payment of the cost of service, including any reasonable steps taken by the Marshals to locate the defendants for the purpose of effecting service of summons." *Thompson v. Williams*, No. 21-CV-00602-RM-KMT, 2021 WL 4748663, at *2 (D. Colo. Oct. 12, 2021) (cleaned up).

To the extent Mr. Chan cannot afford the costs of suit, he may apply to proceed *in forma pauperis* ("IFP"). The Western District of Washington's "IFP Application with Written Consent" is available online (https://www.wawd.uscourts.gov/sites/wawd/files/IFPApplication.pdf) and from the Clerk's office. The Court has also published a "Pro Se Guide to Filing Your Lawsuit in

Federal Court," which is likewise available on the Western District of Washington's website: https://www.wawd.uscourts.gov/sites/wawd/files/ProSeGuidetoFilingYourLawsuitinFederalCourt.pdf.

**C.    Obligations of Pro Se Litigants**

As a final matter, the Court reminds Mr. Chan of his obligations proceeding pro se. "The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). Pro se pleadings are thus held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Federal courts, however, are not advocates for pro se litigants. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded on other grounds by statute as stated in Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc); *accord Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019). And pro se plaintiffs do not have greater rights than plaintiffs represented by counsel. *Jacobson v. Filler*, 790 F.2d 1362, 1365 n.5 (9th Cir. 1986). This means that they "are subject to the same procedural requirements as other litigants." *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022); *see, e.g.*, *Chen v. King Cnty. Sheriff's Off.*, No. 2:21-CV-01492-LK, 2022 WL 17960617, at *12 (W.D. Wash. Dec. 27, 2022) (pro se litigants are expected to abide by the Local Civil Rules); *Howell v. Holland Am. Line USA Inc.*, No. C13-0730JLR, 2014 WL 5325225, at *7 (W.D. Wash. Oct. 17, 2014) (pro se litigants must comply with the Federal Rules of Civil Procedure).

Thus far, Mr. Chan has filed a procedurally improper "addendum" to his complaint (including a praecipe to that addendum) and a letter supplementing his motion to appoint counsel—the latter of which contained a second request for court-ordered service of summons. *See* Dkt. Nos. 6–7 (addendum to complaint and praecipe to addendum); Dkt. No. 10 (letter). As

explained in the Court's January 3, 2023 Order, to the extent Mr. Chan wishes to amend his complaint, he must adhere to the applicable procedural rules—including but not limited to Federal Rule of Civil Procedure 15 and Local Civil Rule 15. *See* Dkt. No. 8 at 2; *see also, e.g.*, *Paulson v. George*, No. 3:19-CV-05491-BHS-JRC, 2021 WL 1386992, at *1 (W.D. Wash. Apr. 13, 2021) (even construing pro se litigant's motion as a motion to amend, it was not proper under Local Civil Rule 15); *Keodara v. Boe*, No. 3:21-CV-5129-JCC-TLF, 2021 WL 9781867, at *1 (W.D. Wash. May 18, 2021) (explaining that an amended complaint "may not simply attach or incorporate any part of the original complaint by reference" because an amended complaint operates as "a complete substitute for the original complaint, and it is not a supplement.").

Nor will the Court tolerate what appears to be an emerging pattern of filings aimed at supplementing earlier motions or pleadings. Future violations of the Local Civil Rules or Federal Rules of Civil Procedure may result in sanctions up to and including dismissal. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam) (failure of pro se litigant to follow procedural rules justified dismissal of civil rights action).

### III.      CONCLUSION

The Court accordingly DENIES Mr. Chan's motion to appoint counsel and motion for reconsideration. Dkt. No. 9; Dkt. No. 10 at 2. The Clerk is directed to mail copies of this Order to Mr. Chan at his last known address.

Dated this 17th day of January, 2023.

Lauren King
United States District Judge