UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH CHAN,<br><br>                Plaintiff,<br>   v.<br><br>MICHAEL RYAN, et al.,<br><br>                Defendants. | CASE NO. 22-CV-01796-LK<br><br>ORDER DISMISSING CASE AND DIRECTING PLAINTIFF TO COMPLETE IFP APPLICATION |

This matter comes before the Court on Plaintiff Joseph Chan's Motion to Voluntarily Dismiss Case. Dkt. No. 29. He also requests a refund of the filing fee. *Id.* at 2.

A plaintiff "may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Because no defendant has filed an answer or a motion for summary judgment, Mr. Chan's motion to dismiss is effective upon its filing and without a court order. This action is accordingly DISMISSED without prejudice and without attorney fees or costs to any party. *See* Fed. R. Civ. P. 41(a)(1)(B).

With respect to Mr. Chan's request for a refund of the filing fee, district courts generally lack authority to grant that relief because there is no statutory basis for returning a filing fee to a pro se plaintiff. *See* 28 U.S.C. § 1914; *Duclairon v. LGBTQ Cmty. & Grace Cmty. Church Klan*, No. 3:18-CV-01095-AC, 2018 WL 5085754, at *1 (D. Or. Oct. 17, 2018). Here, however, the Clerk's Office indicates that there was confusion surrounding Mr. Chan's payment of the filing fee versus completion of an in forma pauperis ("IFP") application. A plaintiff may initiate a civil action in the district court without paying the filing fee if that person "submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Given the highly unique circumstances of this case, if Mr. Chan submits a successful IFP application, the Court will retroactively grant him IFP status and direct the Clerk of Court to issue a refund for the full amount of his filing fee. *See* https://www.wawd.uscourts.gov/sites/wawd/files/IFPApplication.pdf (IFP application on court website); *see also* United States District Court for the Western District of Washington, *Pro Se Guide to Filing Your Lawsuit in Federal Court* at 14, https://www.wawd.uscourts.gov/sites/wawd/files/ProSeGuidetoFilingYourLawsuitinFederalCourt.pdf (describing IPF application).[1] Mr. Chan should also file an accompanying statement indicating whether the address the Court currently has on file for him (80 Stewart Street, Unit 328,

---

[1] With respect to Mr. Chan's assertion that the Court "keeps repeatedly threatening [him]," and that he "ha[s] NO idea how to do ANY of this," Dkt. No. 29 at 1, the Court reminds Mr. Chan that, while it is sympathetic to his plight as a pro se litigant, the Court is a neutral arbiter and cannot help either side in a case. *See In re Borsotti*, No. CC-19-1193-FSG, 2021 WL 1103624, at *5 (B.A.P. 9th Cir. Mar. 23, 2021) (although a court may give pro se litigants "some leeway," the district court "is always a neutral arbiter that should not help any party prosecute" his or her case). Consistent with this role, the Court has reminded Mr. Chan that, even as a pro se litigant, he is not excused from the obligation to comply with applicable law and to communicate with the Court in accordance with such law. *See* Dkt. No. 22 at 2 (reminding Mr. Chan of his obligations as a pro se litigant); Dkt. No. 24 at 1 ("All substantive submissions [to the Court] must be properly filed and posted to the docket."); Dkt. No. 26; Dkt. No. 28. Furthermore, the Court has directed Mr. Chan to resources intended to assist pro se litigants in navigating the court system. Dkt. No. 11 at 6–8 (directing Mr. Chan to the online pro se guide for filing a lawsuit and setting forth his obligations as a pro se litigant); Dkt. No. 18 at 17 (listing various resources for pro se litigants).

ORDER DISMISSING CASE AND DIRECTING PLAINTIFF TO COMPLETE IFP APPLICATION - 2

Seattle, WA 98101) is the address to which the refund check should be mailed (should his IFP application be approved), or if the check should instead be mailed to a different address.

If he wishes to receive a refund of his filing fee, Mr. Chan must file a properly completed IFP application within 21 days of the date of this Order. Absent such an application, the Court will direct the Clerk to close this case.

To recap:

1. The Court DISMISSES this case pursuant to Mr. Chan's motion, Dkt. No. 29;
2. To receive a refund of his filing fee,
   a. Mr. Chan must submit a complete IFP application (available online at https://www.wawd.uscourts.gov/sites/wawd/files/IFPApplication.pdf and at the Clerk's office) with all required information no later than July 20, 2023;
   b. No later than July 20, 2023, Mr. Chan must submit a statement indicating the address to which the refund check should be mailed, should the Court approve his IFP application; and
   c. The Court must approve Mr. Chan's IFP application.
3. After the Court either issues an order on Mr. Chan's IFP application or does not receive a timely IFP application, it will direct the Clerk to close this case.

Dated this 29th day of June, 2023.

*Lauren King*
Lauren King
United States District Judge