UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH CHAN, | CASE NO. 22-CV-01796-LK |
| Plaintiff, | |
| v. | ORDER DENYING MOTION TO WAIVE IFP APPLICATION REQUIREMENT |
| MICHAEL RYAN, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff Joseph Chan's latest submission. Dkt. No. 33. He asks the Court to refund his case filing fee "without the 'IFP' form[] because [he is] really, really concerned about privacy[.]" *Id.* at 1 ("I would really, really like for the court to grant me my refund for my filing fee . . . without the 'IFP' form!"). The Court construes this as a motion to waive the IFP application requirement. As explained below, the Court lacks authority to grant such relief.

The Court previously dismissed this action without prejudice following Mr. Chan's notice of voluntary dismissal. Dkt. No. 29; *see* Fed. R. Civ. P. 41(a)(1)(A)(i). In doing so, the Court recognized the "highly unique circumstances of this case" and indicated that it will "retroactively

grant [Mr. Chan] IFP status and direct the Clerk of Court to issue a refund for the full amount of his filing fee" if he timely "submits a successful IFP application[.]" Dkt. No. 29 at 2. Mr. Chan now seeks an exemption from the IFP application requirement. However, the applicable federal statute expressly requires an eligible plaintiff to "submit[] an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Nothing in the statute provides for IFP status in the absence of a proper affidavit.[1] That is because the Court must review affiants' financial information to determine whether they are in fact indigent. The Court therefore lacks authority to grant Mr. Chan's request.

To the extent Mr. Chan wishes to shield his completed IFP application from the public, he may file a motion to seal that complies with the procedures set forth in Local Civil Rule 5(g).[2]

Mr. Chan's motion is DENIED. Dkt. No. 33.

Dated this 14th day of July, 2023.

Lauren King
United States District Judge

---

[1] In the Western District of Washington, such affidavits are submitted in the form of an application. *See* https://www.wawd.uscourts.gov/sites/wawd/files/IFPApplication.pdf.

[2] A copy of the Local Civil Rules is available online at the Court's website. *See* https://www.wawd.uscourts.gov/local-rules-and-orders.

ORDER DENYING MOTION TO WAIVE IFP APPLICATION REQUIREMENT - 2